IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANDREW MOODY,

        Plaintiff,

   v.                                                                      Civil Action No. 1:13cv24
                                                                    (Judge Keeley)

ARTHUR LOGAN, Jr., et al.,

        Defendants.

## REPORT AND RECOMMENDATION THAT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED

On February 7, 2013, the *pro se* plaintiff, Andrew Moody, filed a civil rights complaint in the United States District Court for the Southern District of West Virginia. Because the complaint concerned events which transpired at U.S.P Hazelton, the matter was transferred to this Court on February 11, 2013. On that same date, the Clerk of Court sent the plaintiff a Notice of Deficient Pleading which advised him that he must either pay the $350 filing fee or submit an Application to Proceed *in forma pauperis* with supporting documentation. In addition, the Notice advised the plaintiff that he must submit his complaint on this court's approved form. The plaintiff filed his complaint on the court-approved form on February 15, 2013. He also filed his application to proceed *in form pauperis*. However, the PTAR that he submitted was blank. Accordingly, on February 20, 2013, the undersigned issued an Order directing the Clerk of Court to send a blank PTAR to the Warden at USP Hazelton and requiring that said form be processed by his Unit Team. On March 6, 2013, the completed PTAR was returned with summary ledger sheets.

The ledger sheets reveal that the plaintiff had an account balance of $464.01 as of February 27, 2013. Consequently, the plaintiff has sufficient funds to pay the $350.00 filing fee. Accordingly, the plaintiff's request to proceed without prepayment of fees should be denied, and

he should be ordered to pay the full filing fee. The plaintiff should also be warned that the failure to pay the full filing fee within the time allowed by the Court will result in the dismissal of his petition.

Within fourteen (14) days after being served with a copy of this Recommendation, the plaintiff may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985) United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 7, 2013

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE